CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 16 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT A. UNGER, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00523 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SUSAN PERKA, ET AL., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiff Robert A. Unger, proceeding pro se, filed this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Unger alleges that the defendant Commonwealth's Attorney of Clarke County, Virginia, violated his constitutional rights during probation revocation proceedings and falsely imprisoned him and harassed him. He also sues the local sheriff. Unger submitted several later documents, which the court has considered as amendments. In one of these amendments, Unger asserts that a deputy sheriff invaded his privacy by peeping in the window of his residence on August 24, 2008. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

The court construes Unger's submissions as alleging the following events and claims. In the past few months, Unger has been charged with and convicted of possession of marijuana and false summoning/calling 911 for no reason. He is currently serving several months of jail sentences imposed for these convictions by the Clarke County General District Court. During the same time

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

period, Unger was also charged with and convicted of violating probation. He believes that the sentences he received for the probation violations are improper. Related to these events, Unger sues the Commonwealth's Attorney and the sheriff, seeking monetary damages for false imprisonment.

In a later submission, Unger alleges that on August 24, 2008, he was in his residence, making a non-emergency telephone call to the sheriff's office, when a deputy's vehicle appeared in the driveway. A female dispatcher returned Unger's call. While she was talking with him on the telephone, the deputy was allegedly looking through Unger's "air-stream side rear window in order to "entrap [Unger] into sex activity over the phone . . . to entrap a victim for phone sex." Unger sues the deputy for this alleged invasion of privacy.

II

When inmates seek "to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," they must do so in habeas proceedings. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In Wilkinson, the United States Supreme Court reaffirmed its holding in Heck v. Humphrey, 512 U.S. 477, 481 (1994), which requires that before an inmate can sue for monetary damages for actions contributing to his conviction or confinement, he must first achieve a favorable termination to his claim that his conviction or term of confinement is invalid. Id. at 82.

All of the events over which Unger sues the defendants were directly related to the convictions for which he is currently confined. However, Unger offers no indication that he has ever presented his current claims to any other court. Thus, he does not show that he has met the

2

"favorable termination" requirement under Heck. Because he has not shown that the convictions and/or sentences to which he is now subject have been ruled invalid by any court or other governmental entity, his claims for monetary damages against the attorney, the sheriff, and the deputy for actions allegedly contributing to his convictions and/or sentences are not yet actionable.[2] Therefore, the court will dismiss his claims without prejudice, pursuant to § 1915A. An appropriate final order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of October, 2008.

James C. Turk
Senior United States District Judge

---

[2]Plaintiff is also advised that the Commonwealth's Attorney would be immune against any suit for damages for actions taken in the course of her responsibilities as prosecutor of his case before the court. See Imbler v. Pachtman, 424 U.S. 409 (1976).